Lora A. Moffatt
Claudia Cantarella
Alison G. Carlson
SALANS LLP
620 Fifth Avenue
New York, NY 10020
Tel: 212-632-5500
Fax: 212-632-5555

*Attorneys for Plaintiff VZI Investment Corp.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JUDGE CROTTY

|  |  |
|---|---|
| VZI INVESTMENT CORP., | |
| Plaintiff, | 10 CIV 4671 |
| - against - | |
| AM RETAIL GROUP, INC. d/b/a WILSONS LEATHER OUTLETS, G-III APPAREL GROUP, LTD. and JOHN DOES 1-10, | JURY TRIAL DEMANDED |
| Defendants. | |

RECEIVED
JUN 15 2010
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

1.     Plaintiff VZI Investment Corp. ("Plaintiff" or "VZI"), by its attorneys, hereby demands a jury trial and alleges upon knowledge as to its own acts and, upon information and belief, as to all other matters, as follows:

### NATURE OF ACTION

2.     This is an action for copyright infringement, trade dress infringement, unfair competition, dilution and misappropriation of trade secrets, arising out of the defendants' deliberate, intentional and willful acts when they copied at least six of VZI's best-selling handbag styles from its Tignanello line and sold them at Wilsons Leather outlet stores

throughout the country and on www.wilsonsleather.com in violation of both federal and state laws.

## THE PARTIES

3.      Plaintiff VZI is a company organized and existing under the laws of the State of Delaware with an office and principal place of business located at 411 Fifth Avenue, New York, New York 10016.

4.      Upon information and belief, Defendant AM Retail Group, Inc. ("AM") d/b/a Wilsons Leather Outlets, is a corporation organized and existing under the laws of the State of Delaware, with an office and principal place of business located at 7401 Boone Avenue North, Brooklyn Park, Minnesota 55428.

5.      Upon information and belief, Defendant G-III Apparel Group, Ltd. ("G-III"), is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 512 Seventh Avenue, New York, New York 10018.

6.      Defendants John Does 1-10, whose identities and addresses are presently unknown to Plaintiff, are individuals and/or corporate entities that, upon information and belief, have manufactured, distributed, sold or assisted AM and G-III in committing the acts complained of herein.  The Complaint herein will be amended, if appropriate, to include the name or names of these individuals when such information becomes available.  AM, G-III and John Does 1-10 are hereinafter collectively referred to as the "Wilson Leather Defendants."

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121.  This Court has supplemental jurisdiction over Plaintiff's claims under the laws of the State of New York pursuant to 28 U.S.C. § 1367.

2

8.      This Court has personal jurisdiction over the Wilsons Leather Defendants because, on information and belief, they (a) are/were responsible for and/or participated in the unlawful activity described in this Complaint; (b) caused injury to Plaintiff within this judicial district; (c) purposely targeted their activities at parties within this judicial district; (d) derived substantial revenues from interstate commerce and/or (e) regularly conducted business within the State of New York.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions that give rise to the claims alleged herein took place in this judicial district and because the Wilsons Leather Defendants are subject to personal jurisdiction here.

## BACKGROUND FACTS

I.      **The Tignanello Brand and Signature Trade Dress**

10.      In 1989, a company by the name of Tignanello International, Inc. ("TII") created a line of handbags which it called the Tignanello line.  Over the next twenty-one years, TII and its successors expended substantial time, resources and effort to develop the Tignanello brand's distinctive look and feel and registered the TIGNANELLO trademark with the United States Patent and Trademark Office.  Today, consumers instantly recognize the Tignanello line of handbags as emanating from a single source: TII's successor, VZI, the owner of the Tignanello line.

11.      There are several signature styles within the Tignanello line that have become distinctive as a result of their use in commerce.  Six of these core signature styles are the subject matter of this dispute.  Each one of these six styles is instantly recognizable to consumers because of its distinctive trade dress.  The trade dress elements claimed for each of the six handbag styles are summarized below:

3

(a)   **Tignanello Perfect Body Crossbody Bag:** (i) a flat rectangular zipper-topped crossbody bag with ornamental front-and-back centerline stitching and decorative double stitching around the bag neck, one half-inch from the top, and one front wider-base trapezoidal zipper pouch-pocket; (ii) the bag strap is long and attaches to the bag on each side through metallic grommets; (iii) both the top and pouch-pocket zippers are chrome, trapezoidal in shape and fastened to the zipper via a trapezoidal opening; (iv) the zipper tops also have a rectangular opening through which single-center stitch decorative tassel-pulls with tassel-end studs with a rounded topside and flat bottom are looped; (v) the front pouch pocket edge is decorated with three thick leather pieces, one half-inch wide and decorated with an edge parallel-stitch design and are affixed to the pocket with two cross-stitches on the top right and left corners and, at the bottom right and left corners, decorated with two separate flat round metallic studs; (vi) a decorative, flat rectangular chrome hangtag is affixed to the bottom of the front, right-side of the decorative double stitching around the bag neck; (vii) on the back bottom two corners of the bag are two one-inch parallel-stitch designs that extend diagonally from the corner towards the center of the bag.  See Exhibit A.

(b)   **Tignanello Perfect 10 [French] Tote, Small:** (i) a square-shaped top magnetic-close bag with a tapered top and ornamental centerline double-stitching as well as centerline double-stitching along the two bag sides; (ii) two handles attach to the bag via four chrome buckles, the tops of which are enclosed by a raised metal sleeve; (iv) four handle tongues hang down from each of the flared handle ends and contain three horizontal pairs of grommets and decorative-edge single stitching around the handle-strap tongue as well as across the horizontal leather strip securing the buckle to the bag.  See Exhibit B.

NewYork 1354063.6

(c) **Tignanello Perfect 10 Studded Shopper**: (i) a rectangular bag with a tapered top and magnetic-close and two magnetic-close side pockets; (ii) ornamental front-and-back centerline double-stitching; (iii) the two handles contain ornamental single-edge stitching and attach to the bag via four chrome angled-oval rings via a double-backed mini-strap secured with one stud comprised of one flat and raised side; (iv) each handle end connects to two identical decorative leather straps, each containing a one half-inch wide, raised-center-stitch design, within an ornamental single-edge stitch and a top fold-over tongue; (v) each decorative strap contains ornamental single-edge stitching and is affixed to the bag by two perpendicular, oval leather pieces with ornamental single-edge stitching, and each is secured by two-rounded and raised studs.  See Exhibit C.

(d) **Tignanello Pocket Perfection Crossbody Organizer**: (i) a flat rectangular crossbody bag with ornamental front and back centerline double-stitching, decorative parallel stitching on the bottom surface of the bag, a top zipper close and three zipper pockets; (ii) the top-close zipper and two front pocket zipper pulls are chrome, trapezoidal in shape and fastened to the zipper via a trapezoidal opening; (iii) these three zippers also have rectangular top openings through which single-center stitched decorative tassel-pulls with tassel-end studs with a rounded topside and flat bottom are looped; (iv) the back pocket zipper-pull is comprised only of the single-center stitched decorative pull with a tassel-end stud with a rounded topside and flat bottom; (v) the back flat zipper pocket is framed on either end by two rounded-edged leather square appliqués containing a round raised stud in the center; (vi) the front pouch-pocket edge is decorated with half-inch wide, edge parallel-stitch design and two rounded raised studs affixed to the bottom corners only; (vii) above the front pouch pocket is a flat zipper pocket framed by a one half-inch wide edge-parallel stitch design, punctuated by two raised round studs at each end

5

of the zipper; (viii) the strap, which has ornamental single-edge stitching and one buckle is affixed to either end of the bag by two round chrome circles, secured by a fold-over tongue, fastened by a stud with one raised and one flat side; (ix) the chrome circles attach to the bag via two badge-shaped leather appliqués, which are decorated with an eighth-of-an-inch wide, double-edge parallel stitch design and a round metallic flat stud.  See Exhibit D.

   (e) **Tignanello Modern Mix Dome Tote:** (i) a rectangular bag with tapered bottom, a magnetic close and front and back pockets with double centerline and double-top decorative stitching; (ii) the two handles attach to the bag through four rectangular square grommets via wrap-around leather tongues which attach to the flared handle ends with four flat square studs (iii) each square grommet is attached to the bag with four round single-slit studs on each corner; (iii) each handle connects to two identical decorative leather straps with a flared end; (iv) form each of the grommets extends a two-inch wide strips of leather, with two parallel edge raised stitch designs, framed by an outer strip of vinyl, down to the bottom edge of the bag. See Exhibit E.

   (f) **Tignanello Pocket Perfection Swagger Satchel:** (i) a rectangular-shaped bag, tapered at the top with a combination magnetic-and-zip-close, with two magnetic-close sections and a center zip-close section, and one front and one back flat zippered pocket; (ii) under each said pocket is ornamental centerline double-stitching; (ii) two handles attach to the bag with four chrome buckles; (iii) the tops of the buckles are enclosed with a raised metal sleeve; (iv) four handle tongues hang down from each of the handle ends and contain three horizontal pairs of grommets and decorative-edge single stitching around the strap tongue; (iv) the front and back flat pocket zipper pulls are chrome, trapezoidal in shape and attached to the zipper via a trapezoidal opening attached to which is a single center-stitched decorative tassel-

NewYork 1354063.6

pull with single studs with a rounded topside and a flat bottom side zippers.  See Exhibit F.
(Subsections (a)-(f) are collectively referred to as the "TIGNANELLO Trade Dress Designs").

**II.      The Tignanello Line's Continued Success Under the Direction of VZI**

12.     Through a series of acquisitions, in August 2008, VZI became the sole
entity with the exclusive right to assert all claims related to the Tignanello brand, including the
TIGNANELLO Trade Dress Designs and the goodwill associated therewith.

13.     Under the direction of VZI's well-known and accomplished handbag
designers, Bruce Makowsky and Kathy Van Zeeland, who each have successful handbag lines of
their own, VZI has continued to expand the Tignanello brand and strengthen the goodwill
associated with the TIGNANELLO Trade Dress Designs.

14.     VZI's marketing and retail strategy is unique and extremely lucrative.
VZI sells its Tignanello bags, including those that bear the TIGNANELLO Trade Dress Designs,
through a variety of market channels and retailers, including the QVC Shopping Channel
("QVC"), Macy's department stores ("Macy's"), www.Ebags.com ("Ebags") and
www.amazon.com ("Amazon").

15.     QVC, one of the leaders in multimedia retailing, is a televised shopping
service that broadcasts live retail programming 24 hours a day.  Each year, QVC television
programming attracts over 90,000,000 viewers.  QVC also offers a wide variety of products
including Tignanello bags online at www.qvc.com.

16.     Many of the TIGNANELLO Trade Dress Designs as well as other styles
of the Tignanello line of handbags are a staple of QVC's programming.  The Tignanello bags
appear regularly on live broadcasts as well as on QVC's website.  A print-out of all of the
Tignanello bags appearing on the QVC "Customer Top Rated" webpage (highlighting the
TIGNANELLO Trade Dress Designs appearing thereon) is attached hereto as Exhibit G.

NewYork 1354063.6

17.     Similarly, the "Customer Reviews" section of the QVC website features overwhelmingly positive feedback from consumers who have purchased handbags having the TIGNANELLO Trade Dress Designs.  For example, the rating for the Tignanello Perfect 10 Studded Shopper is 4.7 out of 5 stars, with 99 out of 106 (93%) customers indicating that they would recommend the bag to a friend.  Customers also gave the Tignanello Pocket Perfection Crossbody Organizer 4.7 out of 5 stars, with 774 out of 826 (94%) customers indicating they would recommend the bag to a friend.  Finally, the customers gave the Tignanello Modern Mix Dome Tote 4.6 out of 5 stars, with 20 out of 22 (91%) customers indicating that they would recommend the bag to a friend.  A print-out of these reviews is attached hereto as Exhibit H.

18.     As one of the nation's premier retailers, Macy's owns and operates over 800 stores nationwide as well as an online retail store: www.macys.com.

19.     Like those on QVC, many of the TIGNANELLO Trade Dress Designs are also highly rated by customers on Macy's website.  The average customer rating of the Tignanello Perfect 10 Studded Shopper is 4.8 out of 5 stars, with 98 out of 102 (96%) customers indicating that they would recommend the bag to a friend.  Similarly, the average rating of Macy's customers' reviews for the Tignanello Perfect 10 [French] Tote, Small, is 4.8 out of 5 stars, with 71 out of 73 (97%) customers indicating that they would recommend the bag to a friend.  Macy's customers also gave the Tignanello Modern Mix Dome Tote 4.8 out of 5 stars, with 8 out of 8 customers (100%) indicating that they would recommend the bag to a friend.  A print-out of the Macy's reviews is attached hereto as Exhibit I.

20.     Another online retailer of the Tignanello handbags is Ebags.  There too, customer reviews of the TIGNANELLO Trade Dress Designs are also extremely favorable.  A number of the TIGNANELLO Trade Dress Designs have received an award entitled the "Best of

NewYork 1354063.6

the Best" ("Best of the Best Award"). To receive a Best of the Best Award, customers must award an overall rating of 9.0 out of 10 and 90% or more of the customers have to indicate that they would purchase the item again.

21.     One of the TIGNANELLO Trade Dress Designs that has received such an award is the Tignanello Perfect 10 Studded Shopper. This design had 236 out of 250 (94%) reviewers indicate that they would purchase the design again and received an overall score of 9.4 out of 10, including a 9.6 out of 10 for "Appearance." Another Best of the Best Award recipient is the Tignanello Modern Mix Dome Tote. This design had an overall score of 9.0 out of 10 and an "Appearance" score of 9.6 out of 10, with 34 out of 35 (97%) reviewers indicating that they would purchase the design again.

22.     The Tignanello Handbag, Perfect 10 [French] Tote, Small, received a Best of the Best Award on Ebags with an overall score of 9.4 out of 10, an "Appearance" score of 9.7 out of 10 and 215 out of 230 (93%) reviewers stating that they would buy the design again. Other highly rated TIGNANELLO Trade Dress Designs on Ebags include the Tignanello Perfect Body Crossbody Bag (86% of reviewers would re-purchase with an overall score of 9.1 out of 10, including a 9.5 out of 10 for "Appearance") and the Tignanello Pocket Perfection Swagger Satchel (82% of reviewers would re-purchase with an overall score of 9.0 out of 10, including a 9.1 out of 10 for "Appearance"). A print-out of the Ebags reviews is attached hereto as Exhibit J.

23.     Likewise, the TIGNANELLO Trade Dress Designs sold on Amazon are also highly rated by customers on Amazon's five star scale. For example, the Tignanello Perfect 10 Studded Shopper received an average of between 4 and 5 stars (from 27 customers), the Tignanello Perfect 10 [French] Tote, Small, received an average of between 4 and 5 stars (from

NewYork 1354063.6

33 customers), the Tignanello Modern Mix Dome Tote received an average of 5 stars (from 6 customers), the Tignanello Perfect Body Crossbody Bag received an average of between 4 and 5 stars (from 10 customers) and the Tignanello Pocket Perfection Swagger Satchel received an average of between 4 and 5 stars (from 10 customers).  A print-out of the Amazon reviews is attached hereto as Exhibit K.

24.    As can be seen from the above, consumers, who have highly rated the unique designs, have come to recognize the TIGNANELLO Trade Dress Designs as unique source identifiers.

### III.    Plaintiff Copyrights the TIGNANELLO Trade Dress Designs

25.    On June 11, 2010, VZI, submitted an electronic copyright application to the United States Copyright Office for the Tignanello Modern Mix Dome Tote ("VZI's Copyright").  A copy of this application and the electronic acknowledgement of its receipt are attached hereto as Exhibit L.

### IV.    Initially Wilsons Leather Defendants Distribute Legitimate Tignanello Bags

26.    Wilsons the Leather Experts, Inc. ("Wilsons"), the Wilsons Leather Defendants' predecessor-in-interest, was a well-known retailer of leather clothing in the 1980s. It operated both retail and outlet stores and, as retail became popular over the internet, Wilsons began selling products on www.wilsonsleather.com.

27.    In October 2007, Wilsons contacted VZI to discuss a potential business relationship through which Wilsons would sell its products, including the Tignanello handbags in the Wilsons retail and outlet stores, as well as online.  The discussions were successful and, late in 2007, Wilsons began offering VZI's products, including Tignanello handbags.

28.     Upon information and belief, due to various market factors and financial troubles, Wilsons was forced to sell its assets (including its trademark, website and outlet stores) to the Wilsons Leather Defendants in July 2008.[1]

29.     From the inception of the relationship between VZI and Wilsons and until its demise in January, 2010, less than two years after the Wilsons Leather Defendants took over the business, the parties enjoyed an open and extremely lucrative business relationship.

30.     VZI routinely provided the Wilsons Leather Defendants with confidential market share and market trend information about its products including the Tignanello handbags. Additionally, as a seller of VZI products, the Wilsons Leather Defendants were given unfettered access to non-public, confidential information about the way in which VZI conducted its business, including marketing and sales information about the Tignanello handbags.

31.     VZI repeatedly invited, and Wilsons Leather Defendants repeatedly attended, quarterly trade shows on VZI's premises called "Market Week," at which VZI previewed new collections as well as reviewed classic collections, including the TIGNANELLO Trade Dress Designs.  Through these shows, the Wilsons Leather Defendants had access to and were able to inspect and familiarize themselves with every Tignanello handbag style designed by VZI, regardless of whether they ever purchased it for resale.

32.     As a result of the parties' open relationship, the Wilsons Leather Defendants were able to ascertain not only intimate knowledge of the Tignanello handbag designs not publicly available, but, more importantly, which Tignanello handbags were the best sellers.

---

[1] Upon further information and belief, Wilson retained its retail stores, changed its name to PreVu, Inc. and eventually went out of business in October 2008.

**V.     Wilsons Leather Defendants' Wrongful Acts**

33.     Upon information and belief, at some point in 2008, after the Wilsons Leather Defendants acquired Wilsons, the Wilsons Leather Defendants decided to move forward on their own and essentially cut VZI out of the process by manufacturing competing knock-offs of the most successful Tignanello handbags: namely, those bearing the TIGNANELLO Trade Dress Designs.

34.     Armed with the non-public knowledge they had gained for two years, namely, which Tignanello handbag designs were the best sellers as well as unlimited access to information about VZI's designs, material sources and marketing strategy, the Wilsons Leather Defendants used this information to cherry-pick the best-selling and most highly-rated Tignanello handbag styles, namely the TIGNANELLO Trade Dress Designs, and copy them in their entireties.

35.     In June 2010, VZI obtained six handbags from a the Wilsons Leather Defendants' outlet store, all of which are identical to or substantially similar in appearance to VZI's TIGNANELLO Trade Dress Designs (collectively referred to as the "Infringing Bags"). Images of the Infringing Bags are attached hereto as Exhibits M - R.

36.     As is common with knock-offs, the Infringing Bags are of vastly inferior quality and sell for prices that are as much as 50% below those of the TIGNANELLO Trade Dress Designs.  See Exhibit S, which is a customer review of a poor quality knock-off on one of the TIGNANELLO Trade Dress Designs.

NewYork 1354063.6

## FIRST CLAIM FOR RELIEF
## (TRADE DRESS INFRINGEMENT – 15 U.S.C. § 1125(a))

37.     Plaintiff realleges and incorporates by reference the allegations above as if fully set forth herein.

38.     The TIGNANELLO Trade Dress Designs are used in commerce and are non-functional.

39.     The TIGNANELLO Trade Dress Designs are well-known and highly sought-after handbags, that have achieved a high end of consumer recognition and serve to identify VZI as their source.  The TIGNANELLO Trade Dress Designs have acquired distinctiveness in the marketplace through secondary meaning.

40.     The Wilsons Leather Defendants' unauthorized use of the TIGNANELLO Trade Dress Designs for their Infringing Bags in interstate commerce and advertising constitutes false designation of origin and a false representation that the goods are manufactured or distributed by Plaintiff, or are affiliated, connected or associated with Plaintiff, or have Plaintiff's sponsorship, endorsement or approval.

41.     The Wilsons Leather Defendants' Infringing Bags are exact copies of the TIGNANELLO Trade Dress and, therefore, confusingly similar to VZI's Tignanello handbags.

42.     The Wilsons Leather Defendants' use of the TIGNANELLO Trade Dress Designs on its Infringing Bags is likely to cause confusion, deception and mistake by causing the public to believe that the Wilsons Leather Defendants' bags are manufactured or distributed by Plaintiff, or are affiliated, connected or associated with Plaintiff, or have the sponsorship, endorsement or approval of Plaintiff.

43.     The Wilsons Leather Defendants' foregoing acts were intentional, deliberate and willful and without VZI's consent.

NewYork 1354063.6

44.      The Wilsons Leather Defendants' foregoing acts of trade dress infringement have caused and, unless restrained by this Court, will continue to cause irreparable injury to Plaintiff's goodwill and reputation for which Plaintiff has no adequate remedy at law.

45.      By reason of the foregoing, Plaintiff is entitled to injunctive relief against the Wilsons Leather Defendants, restraining them from any further acts of trade dress infringement and false designation of origin and, after trial, recovery of any damages proven to have been caused by reason of the Wilsons Leather Defendants' intentional and willful acts.

## SECOND CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT – 17 U.S.C. § 106)

46.      Plaintiff realleges and incorporate by reference the allegations above.

47.      The Wilsons Leather Defendants have, without authorization from VZI, sold and/or offered for sale product(s) which infringe VZI's Copyright.

48.      The Wilsons Leather Defendants have thereby willfully infringed upon and, upon information and belief, are continuing to willfully infringe VZI's Copyright.

49.      Upon information and belief, by said acts, the Wilsons Leather Defendants have and will make substantial profits and gains to which they are not entitled to in equity or in law.

50.      Upon information and belief, the Wilsons Leather Defendants intend to continue their willfully infringing acts, and will continue to willfully infringe VZI's Copyright and to act in bad faith, unless restrained by this Court.

51.      The Wilsons Leather Defendants' acts have damaged and will continue to damage VZI and VZI has no adequate remedy at law.

14

## THIRD CLAIM FOR RELIEF
### (INJURY TO BUSINESS REPUTATION and DILUTION –
### New York General Business Law § 360-l)

52.     Plaintiff realleges and incorporates by reference the allegations above as if fully set forth herein.

53.     The TIGNANELLO Trade Dress Designs identify VZI as their source. The Wilsons Leather Defendants' Infringing Bags are confusingly similar to the TIGNANELLO Trade Dress Designs, which has diminished the ability of the bags featuring the TIGNANELLO Trade Dress Designs to serve as source identifiers.

54.     The Wilsons Leather Defendants' illegal acts as described above have caused and continue to cause damage to VZI by tarnishing VZI's valuable reputation by diluting or blurring the distinctiveness of the TIGNANELLO Trade Dress Designs in violation of New York General Business Law § 360-l.

55.     VZI does not have an adequate remedy at law and will continue to be damaged by the Wilsons Leather Defendants' sales of Infringing Bags unless the Court enjoins them from such fraudulent business practices.

## FOURTH CLAIM FOR RELIEF
### (COMMON LAW UNFAIR COMPETITION)

56.     Plaintiff realleges and incorporates by reference the allegations above as if fully set forth herein.

57.     The Wilsons Leather Defendants deceive the public into believing falsely that the Infringing Bags originate from or are sold, sponsored or approved by VZI.  The Wilsons Leather Defendants have competed unfairly with VZI in violation of New York common law.

NewYork 1354063.6

58.     The Wilsons Leather Defendants' infringing acts were done deliberately and constitute a willful attempt to usurp the goodwill of VZI's TIGNANELLO Trade Dress Designs and constitute unfair competition under New York common law.

59.     VZI has no adequate remedy at law against these acts of unfair competition and injury to its business reputation, such that money damages cannot fully compensate it for the injuries it has sustained as a result of the Wilsons Leather Defendants' conduct.  Such misconduct will continue to cause irreparable harm to VZI unless enjoined by this Court.

**FIFTH CLAIM FOR RELIEF**
**(COMMON LAW MISAPPROPRIATION OF TRADE**
**SECRETS)**

60.     Plaintiff realleges and incorporates by reference the allegations above as if fully set forth herein.

61.     VZI provided the Wilsons Leather Defendants with confidential market information about VZI's products and business.  Such confidential information constitutes VZI trade secrets.

62.     Upon information and belief, the Wilsons Leather Defendants used and continue to use VZI's trade secrets for their own benefit and to the detriment of VZI.

63.     Such unauthorized exploitation of VZI's confidential market information constitutes unlawful misappropriation of trade secrets owned by VZI.

64.     VZI has no adequate remedy at law against the Wilsons Leather Defendants' misappropriation of VZI's trade secrets.  Such misconduct will continue to cause irreparable harm to VZI unless enjoined by this Court.

NewYork 1354063.6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VZI Investment, Inc. prays for judgment against the Wilsons Leather Defendants as follows:

1.    That Wilsons Leather Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be permanently enjoined and restrained:

   a.   from using in any manner VZI's TIGNANELLO Trade Dress Designs, alone or in combination with any other design element that so resembles said trade dress as to be likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale, or sale of any product not Plaintiff, or not authorized by Plaintiff;

   b.   from passing off, including, or enabling others to sell or pass off any product that is not Plaintiff's or produced by Plaintiff, or not produced under the control and supervision of Plaintiff and approved by Plaintiff;

   c.   from committing any acts that cause purchasers to believe that the Wilsons Leather Defendants' products are those sold under the control and supervision of Plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

   d.   from further diluting or tarnishing Plaintiff's goodwill in the TIGNANELLO Trade Dress Designs;

   e.   from misappropriating and disseminating Plaintiff's confidential trade secrets;

17

    f.   from shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, or authorized by Plaintiff to be sold or offered for sale, and which bear any of VZI's TIGNANELLO Trade Dress Designs;

    g.   from otherwise competing unfairly with Plaintiff; and

    h.   from assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (g).

2.      That Defendants be required to deliver up to Plaintiff any and all products, in the possession of Defendants or under their control bearing any of VZI's TIGNANELLO Trade Dress Designs, or used in connection with the advertising, offering for sale or sale of products not Plaintiff's, or not made under the authorization and control of Plaintiff.

3.      That Plaintiff be awarded actual damages in an amount to be determined at trial and that the amount of damages for infringement of VZI's Copyright be increased by a sum not exceeding three times the amount thereof as provided by law (15 U.S.C. § 1117(a)).

4.      That Defendants, and all of those acting in concert with them, including their agents and servants, be permanently enjoined from manufacturing, vending, importing, distributing, selling, promoting or advertising any copy, reproduction, colorable imitation of, or derivative work based upon VZI's Copyright (17 U.S.C. § 502(a)).

5.      That Defendants be required to recall all items infringing VZI's Copyright including all advertising and promotional materials, and thereafter to deliver up for destruction all infringing designs, artwork, packaging, advertising and promotional materials, and any means of making such infringing items (17 U.S.C. § 503).

18

6.      That the Wilsons Leather Defendants be directed to account to VZI for all gains, profits and advantages derived from their wrongful acts (17 U.S.C. § 504(b)).

7.      That the Wilsons Leather Defendants pay to VZI any damages sustained by VZI by reason of their purposefully wrongful acts, together with interest thereon (17 U.S.C. § 504(b)).

8.      That VZI be awarded statutory damages of (a) not less than $750 or more than $30,000 pursuant to 17 U.S.C. § 504 (c)(1) or, upon a finding of willful infringement pursuant to 17 U.S.C. § 504 (c)(2) up to $150,000.

9.      That Defendants be required to deliver up for destruction their entire inventory of said products bearing any of the aforesaid infringed TIGNANELLO Trade Dress Designs or VZI's Copyrights.

10.     That VZI be awarded pre-judgment interest on any monetary award made part of the judgment against defendants.

11.     That VZI be awarded punitive damages.

12.     That Plaintiff be awarded reasonable attorneys' fees and costs.

13.     That Plaintiff have such other and further relief as the Court may deem just.

NewYork 1354063.6

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil procedure, Plaintiff demands

a jury trial on all triable issues that are raised by this Complaint.


Dated:          New York, New York
                June 15, 2010

                              SALANS LLP

                              By: _____
                                  Lora A. Moffatt
                                  Claudia Cantarella
                                  Alison G. Carlson
                                  620 Fifth Avenue
                                  New York, New York  10020-2457
                                  Tel.: (212) 632-5500
                                  Fax: (212) 632-5555

                                  Attorneys for Plaintiff
                                  VZI INVESTMENT CORP.