# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

VZI INVESTMENT CORP.,

                                  Plaintiff,

    -against -

AM RETAIL GROUP, INC. d/b/a WILSONS
LEATHER OUTLETS, G-III APPAREL GROUP, LTD.
and JOHN DOES 1-10,

                                  Defendants.

10 CIV. 4671 (PAC)(AJP)

---

## MEMORANDUM IN SUPPORT OF DEFENDANTS AM RETAIL AND G-III APPAREL'S MOTION TO DISMISS <u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

Barry I. Slotnick
Philip L. Hirschhorn
Lauren A. Isaacoff
Buchanan Ingersoll & Rooney PC
The New York Times Building
620 Eighth Avenue, 23rd Floor
New York, New York 10018-1669
Tel:  (212) 440-4400
Fax:  (212) 440-4401

*Attorneys for Defendants*
*AM Retail Group, Inc.*
*G-III Apparel Group, Ltd.*

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................... 1

PRELIMINARY STATEMENT ...................................................................................... 2

BACKGROUND FACTS ................................................................................................. 4

ARGUMENT ..................................................................................................................... 6

I.     Legal Standard ....................................................................................................... 6

II.    VZI Has Failed to Plead Trade Dress With Sufficient Precision to State a Claim ............. 7

     A.    VZI Offers No "Precise Expression" of its Alleged Trade Dress; Dismissal of its First Cause of Action is Proper ....................................................................................... 7

     B.    VZI's State Law Dilution and Unfair Competition Claims Should Fall With the Dismissal of the Trade Dress Claims ............................................................. 9

III.   VZI's Copyright Claim Should be Dismissed ............................................................... 9

     A.    VZI Has Not Met The Registration or Refusal Precondition to a Copyright Suit ............. 10

     B.    VZI's Failure to Plead a Separable Structural Element for its Dome Tote is Fatal to its Copyright Claim ................................................................ 11

IV.    VZI's Allegations of Unfettered Access to Confidential Information Undermines Any Claim for Misappropriation of Trade Secrets ........................................ 13

V.     No Supplemental Jurisdiction Supports Hearing the State Law Claims After Dismissal of the Federal Claims ............................................................ 16

CONCLUSION ................................................................................................................ 18

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009) ................................................................ 6

*Baylis v. Marriott Corp.,* 843 F.2d 658, 665 (2d Cir. 1988). ....................................... 17

*Bear, Sterns Funding, Inc. v. Interface Group Nevada, Inc.,* 361 F.Supp.2d 283
(S.D.N.Y. 2005) ......................................................................................................... 14

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007) ................. 6

*Brandir Int'l, Inc. v. Cascade Pacific Lumber Co.,* 834 F.2d 1142, 1145 (2d Cir. 1987)........... 12

*Carol of Barnhart, Inc. v. Economy Cover Corp.,* 773 F.2d 411, 414 (2d Cir. 1985)................. 12

*Chosun Int'l, Inc. v. Chrisha Creations, Ltd.,* 413 F.3d 324, 327 (2d Cir. 2005)....................... 11

*Davis v. United Artists, Inc.,* 547 F.Supp. 722, 728 (S.D.N.Y 1982) ......................................... 16

*Detsis v. Victoria's Secret Stores, Inc.,* 2006 WL 2819586, at *5 (S.D.N.Y. Sept. 29,
2006) ....................................................................................................................... 15

*DMBJ Prods., Inc. v. TMZ TV,* 2009 WL 2474190, at *2 (S.D.N.Y. Aug. 11, 2009)................. 10

*DO Denim, LLC v. Fried Denim, Inc.,* 634 F.Supp.2d 403, 406 (S.D.N.Y. 2009) ............... 10, 17

*Durham Indus, Inc. v. Tomy Corp.,* 630 F.2d 905, 908 (2d Cir. 1980) .................................. 13

*Eckes v. Card Prices* Update, 736 F.2d 859, 861 (2d Cir. 1984) ......................................... 11

*Elements/Jill Schwartz, Inc. v. Gloriosa Co.,* 2002 WL 1492197, at * 7 (S.D.N.Y. July
15, 2002) ................................................................................................................. 9

*Frink America, Inc. v. Champion Road Machinery Ltd.,* 48 F.Supp.2d 198 (N.D.N.Y.
1999) ....................................................................................................................... 14

*G&F Licensing Corp. v. Field & Stream Licenses Co., LLC,* 2010 WL 2900203, at *6
(S.D.N.Y. July 16, 2010) ....................................................................................... 16

*Gorodkin v. Q-CO. Industries, Inc.,* 1992 WL 122769, at *12 (S.D.N.Y. May 27, 1992)............. 6

*Greene v. Columbia Records/Sony Music Entertainment, Inc.,*  2004 WL 3211771
(S.D.N.Y. Mar. 1, 2004) ......................................................................................... 10

*Historical Truth Productions, Inc. v. Sony Pictures Entertainment, Inc.,* 1995 WL
693189, at *13-14 (S.D.N.Y. Nov. 22, 1995) ......................................................... 17

*Hudson Hotels Corp. v. Choice Hotels Int'l,* 995 F.2d 1173, 1176 (2d Cir. 1993) ............... 14, 15

*Ivy Mar Co, Inc. v. C.R. Seasons, Ltd.,* 1998 WL 704112 (E.D.N.Y. Oct. 7, 1998) ................ 14

*Julie Research Labs, Inc. v. Select Photographic Emg'g, Inc.,* 810 F.Supp. 513, 520
(S.D.N.Y. 1993) ....................................................................................................... 15

*Kassner v. 2nd Ave. Delicatessen, Inc.,* 496 F.3d 229, 237 (2d Cir. 2007) ............................ 6

*Kieslstein-Cord v. Accessories by Pearl, Inc.,* 632 F.2d 989, 993 (2d Cir. 1980).................... 12

*Landscape Forms, Inc. v. Columbia Cascade Co.,* 113 F.3d 373, 381 (2d Cir. 1997)............. 7, 8

*LinkCo v. Fujitsu, Ltd.,* 230 F.Supp.2d 492, 499-500 (S.D.N.Y. 2002) .................................. 15

*Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.,* 292 F.Supp.2d 535, 552
(S.D.N.Y. 2003) ....................................................................................................... 9

*Medtech Products Inc. v. Ranir, LLC,* 596 F.Supp.2d 778, 804 (S.D.N.Y. 2008) ................. 15

*Metrokane, Inc. v. The Wine Enthusiast,* 160 F.Supp.2d 633, 637 (S.D.N.Y. 2001) ............ 8

*Moyna LLC v. Victoria's Secret Direct New York, LLC,* 2003 WL 21983032 (S.D.N.Y.
Aug. 19, 2003) ....................................................................................................... 13

*National Lighting Co., Inc. v. Bridge Metal Indus., LLC,* 601 F.Supp.2d 556, 560-61
(S.D.N.Y. 2009) ....................................................................................................... 7

*North Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 43-44 (2d Cir. 1999) .................................. 14
*Reed Elsevier, Inc. v. Muchnick*, ____U.S.__, 130 S.Ct. 1237, 1246, 176 L.Ed. 2d 17
  (2010)................................................................................................................ 10, 11
*Sherwood 48 Assoc. v. Sony Corp. of Amer.*, 76 Fed. Appx. 389, 391 (2d Cir. 2003) .............. 7, 8
*Telebrands Corp. v. Del Labs., Inc.*, __ F.Supp.2d __, 2010 WL 2541218, at * 11
  (S.D.N.Y. June 15, 2010)................................................................................. 7, 11
*The Bridgeman Art Library, Ltd. v. Corel Corp.*, 25 F.Supp.2d 421, 431 (S.D.N.Y. 1998) .. 16, 17
*TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 121 S.Ct. 1255, 1259, 144
L.Ed.2d 164 (2001)..............................................................................................8
*Tuff-N-Rumble Management, Inc. v. Sugarhill Music Publishing, Inc.*, 49 F.Supp.2d 673, 677
(S.D.N.Y. 1999)..............................................................................................10, 11
*United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ...................................... 17
*Whimsicality, Inc. v. Rubie's Costume Co., Inc.*, 891 F.2d 452, 455 (2d Cir. 1989)............. 11, 12

**Federal Statutes**
15 U.S.C. § 1125(a) ...................................................................................................... 16
17 U.S.C. § 101............................................................................................................. 11
17 U.S.C. § 102............................................................................................................. 11
17 U.S.C. § 106............................................................................................................. 16
17 U.S.C. § 410(c) ........................................................................................................ 13
17 U.S.C. § 411(a) .............................................................................................. 1, 9, 10
28 U.S.C. § 1338(a) ........................................................................................................ 4
28 U.S.C. § 1338(b) ...................................................................................................... 16
28 U.S.C. § 1367........................................................................................................ 4, 16
28 U.S.C. § 1367(c)(3) ................................................................................................. 17
Fed. R. Civ. P. 12(b)(6).................................................................................................. 6

**New York State Statutes**
N. Y. General Business Law § 360-l........................................................... 3, 7, 9, 16, 17

**Other**
Restatement of Tort §757................................................................................................15

# INTRODUCTION

Defendants AM Retail Group, Inc. and G-III Apparel, Ltd. ("G-III," and collectively "AM Retail") submit this memorandum of law in support of AM Retail's motion to dismiss plaintiff VZI Investment Corp.'s ("VZI") First Amended Complaint ("complaint"). These claims should be dismissed for at least the following reasons:

- VZI's trade dress claim should be dismissed because VZI has failed to sufficiently plead a "precise expression of the character and scope of the claimed trade dress." While VZI offers a detailed description of its bags, it completely fails to notify the public as to its claimed trade dress. VZI has thus not stated a claim for trade dress infringement. (Section II. A). Also, because VZI's New York State business reputation injury/dilution and unfair competition claims are premised on alleged unlawful use of the same trade dress, those claims should also be dismissed. (Section II.B)

- With respect to its copyright claim, VZI has no registration, merely a litigation inspired attempt to claim copyright protection. But its application alone, without either a registration or refusal from the Copyright Office, fails to meet a precondition for a copyright suit under 17 U.S.C. § 411(a). In addition, because VZI has not alleged that the lone handbag style in question has separable sculptural features that would be independently entitled to copyright protection, the claim should be dismissed. (Section III).

- As to the trade secret misappropriation claim, dismissal is proper because VZI's pleading makes clear that it has no trade secret, either in its handbag styling or in any other information, and because AM Retail was given "unfettered access" to

such information without any restrictions of confidentiality. For these reasons,

any secret VZI may have had was lost when disclosed. (Section IV).

- All three state law causes of action should be dismissed with the dismissal of the

  federal causes of action because there would no longer be supplemental

  jurisdiction. (Section V).

For the reasons detailed below, VZI's Amended Complaint must be dismissed.

## PRELIMINARY STATEMENT

Handbags are functional items. While handbags may have different styles, in the end,

they serve the function of carrying. They can be large or small. They can close in different

ways. They have straps to allow them to be carried. The straps can be integral to the bag or

connected to the bag via stitching or mechanical linkage. They open and close using zippers,

clasps, cords and/or magnets. They can be made from different materials and in different colors.

While each of us can envision an idealized handbag, plaintiff VZI alleges that nine of its

handbag styles have garnered such attention that, even though no trademark infringement is

asserted, the sale of nine allegedly similar handbags by AM Retail should allow recovery for

trade dress infringement under the Lanham Act. VZI's claims are meritless and speak more to a

thwarted suitor than to a responsible commercial player.

The form and function of VZI's handbags are neither compellingly different from other

handbag styles, nor have they developed the type of secondary meaning that affords them trade

dress protection. For each of the VZI handbag designs in suit, the alleged AM Retail suspect

handbag has differences that separate them for purposes of intellectual property protection.

Those issues will be addressed on the merits, if necessary.

This motion relates to each of VZI's five claims for relief. First, VZI claims trade dress

protection for each of the nine handbag styles in suit. But other than detailed descriptions of the

functional elements of the bags, (Compl. §§ 11, 15),[1] VZI never informs defendants (or anybody else) about the character and scope of the supposed trade dress. That failure should result in the claim's dismissal.[2]

Second, VZI claims that AM Retail's sale of a domed tote handbag is infringement of what VZI claims is a substantially similar and copyrighted handbag, the "Modern Mixed Dome Tote" (the "Dome Tote"). VZI pleads that it has filed a copyright application. Yet nowhere does it state that it has received either a registration or a refusal to register from the Copyright Office, a precondition to bringing a copyright action. In addition, VZI does not plead that the handbag, or one or more of its elements, is the type of sculptural/3D work that is entitled to copyright protection. Because VZI has no copyright in its Dome Tote, the claim for copyright infringement should be dismissed.

Third, VZI claims trade secret protection for each of the handbag styles and other undesignated information to which VZI admittedly gave "unfettered access" to AM Retail and others. (Compl. ¶¶ 36-39). According to VZI, AM Retail "repeatedly attended quarterly trade shows on VZI's premises" and "previewed new collections." (Compl. ¶ 38). VZI alleges that it provided AM Retail with "confidential market share and market trend information" and "non-public information about the way in which VZI conducted its business." (Compl. ¶ 37). Yet nowhere does VZI allege that it established any barrier to the receipt and use of any of this information by AM Retail. Significantly, VZI does not plead the existence of a confidentiality agreement. VZI does not even plead a duty to refrain from disclosing any of the supposedly

---

[1] The abbreviation "Compl." refers to VZI's First Amended Complaint.

[2] VZI's claims for injury to business reputation under New York General Business Law §360-l and common law unfair competition are both grounded on the alleged trade dress, so that the failure to plead that trade dress effectively compels dismissal of those claims as well. *See* Section II.B *infra*.

"confidential" and "non-public" information.  As set forth in detail below, VZI has failed to state a claim for trade secret misappropriation.

Finally, because in this federal question case the federal claims should be dismissed, so too should all of the state law claims for failure of original and supplemental jurisdiction.

## BACKGROUND FACTS[3]

AM Retail owns Wilsons Leather, Inc., a retailer of quality accessories and outerwear.  In 2008, AM Retail acquired the Wilsons Leather name and assets from the entity known as Wilsons the Leather Experts, Inc. (Compl. ¶¶ 33, 35).  AM Retail, in turn, is ultimately owned by G-III.

VZI is a holding company with proprietary interests in handbags of certain designers, including Kathy Van Zeeland and Bruce Makowsky. (Compl. ¶ 13).  VZI sells handbags under the "Tignanello" and "Kathy Van Zeeland" names.  (Compl. ¶ 10).

By its complaint, VZI alleges that AM Retail and G-III have engaged in trade dress and copyright infringement, as well as trade secret misappropriation, injury to business reputation and unfair competition.  (Compl. ¶¶ 68-70, 54-58).  VZI alleges federal question jurisdiction together with original or supplemental jurisdiction under 28 U.S.C. §§ 1338(a) or 1367 for the three state law claims. (Compl. § 7).

VZI also asserts that it owns the rights to the nine handbag designs at issue ("VZI's Handbags").  (Compl. ¶ 11).   Each of the handbags is described in detail in the amended complaint. (Compl. ¶¶ 11 and 15).  While VZI claims that VZI's Handbags have distinctive trade dress, the complaint fails to articulate in any paragraph what elements of each handbag style should be afforded trade dress protection.

---

[3] The facts are taken from VZI's complaint and are assumed for purposes of this motion to be true.

4

VZI also claims copyright protection for one of the nine handbag styles in suit, the Dome

Tote.  (Compl. ¶ 32).  VZI describes the Dome Tote as follows:

> (i) a rectangular bag with tapered bottom, a magnetic close and
> front and back pockets with double centerline and double-top
> decorative stitching; (ii) the two handles attach to the bag through
> four rectangular square grommets via wrap-around leather tongues
> which attach to the flared ends with four flat square studs; (iii)
> each square grommet is attached to the bag with four round single-
> slit studs on each corner; (iii) [*sic*] each handle connects to two
> identical decorative leather straps with a flared end; (iv) form [*sic*]
> each of the grommets extends a two-inch wide strip of leather, with
> two parallel edge raised stitch designs, framed by an outer strip of
> vinyl, down to the bottom edge of the bag.

(Compl. ¶ 11(e)).  Significantly, nowhere in the description of the Dome Tote is there any

allegation that the handbag has any separable sculptural, non-functional element that would

warrant copyright protection.

VZI identifies Exhibit R to the Complaint as its copyright application for the Dome Tote

and the United States Copyright Office electronic acknowledgement of its receipt.  (Compl.

¶ 32).  VZI filed the application on June 10, 2010, just five days before commencing this action.

*Id.*  VZI has no copyright registration for the Dome Tote, and therefore it is an unregistered

work.  Moreover, VZI has not pled that the Copyright Office has refused its registration.

AM Retail purchases VZI products and resells them at Wilsons Leather outlets.  As

alleged, VZI and AM Retail have a business relationship that extends back to the acquisition of

the Wilsons Leather name in 2008.  (Compl. ¶ 35).  VZI alleges that as part of that vendor-

vendee relationship, VZI provided AM Retail with access to "non-public" information

concerning its new designs and styles of handbags.  (Compl. ¶ 38).  VZI also claims that AM

Retail received other unspecified "non-public, confidential information about the way in which

VZI conducted its business, including marketing and sales information about the Tignanello

handbags."  (Compl. ¶ 37).

VZI makes no allegation that AM Retail is contractually bound to VZI in any way. Moreover, VZI does not allege that AM Retail, or any other customer, signed a confidentiality agreement before being provided access to the alleged "non-public, confidential information."

Because VZI has not pled that its handbags have protectable trade dress, because VZI's unregistered Dome Tote is not copyrightable, and because VZI is entitled to no trade secret protection, defendants' motion to dismiss must be granted.

## ARGUMENT

### I.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for judgment dismissing one or more causes of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, the complaint must state "sufficient factual matter . . . to state a claim plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009) *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007) (internal quotations omitted).  "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.  While a court is to accept as true all facts alleged when considering a motion to dismiss, *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 237 (2d Cir. 2007), where the allegations do not demonstrate an "entitlement to relief" or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the [] complaint must be dismissed." *Twombly*, 550 U.S. at 558, 570, 127 S.Ct. at 1974.

"Although a plaintiff is entitled to plead contradictory theories of law, defendants are entitled to take plaintiff's factual allegations as admissions in support of their motion to dismiss." *Gorodkin v. Q-CO. Industries, Inc.*, 1992 WL 122769, at *12 (S.D.N.Y. May 27, 1992).

II.     **VZI Has Failed to Plead Trade Dress With**
        **Sufficient Precision to State a Claim**

        A.      **VZI Offers No "Precise Expression"**
                **of its Alleged Trade Dress; Dismissal**
                **of its First Cause of Action is Proper**

VZI alleges that AM Retail has infringed the trade dress associated with nine handbag

styles.  While VZI has elaborately described each of the bags, nothing in the pleading satisfies

the requirement that the trade dress be described not simply by recitation of the elements of the

bag, but in such a manner that AM Retail, the Court and the public are made aware of that which

others may no longer lawfully make or sell.  Because VZI has not sufficiently pled its trade

dress, the First Cause of Action should be dismissed.  In addition, because the New York state

law claims for dilution under General Business Law § 360-l and for unfair competition rise or

fall with the federal trade dress claim, the Third and Fourth Causes of Action should also be

dismissed.

        To state a claim for trade dress infringement, "(1) plaintiff must allege 'the claimed trade

dress is non-functional'; (2) … 'the claimed trade dress has secondary meaning'; (3) …'there is a

likelihood of confusion between the plaintiff's goods and the defendant's'; and (4) plaintiff must

"offer a precise expression of the character and scope of the claimed trade dress.'" *Telebrands*

*Corp. v. Del Labs., Inc.,* __ F.Supp.2d __, 2010 WL 2541218, at * 11 (S.D.N.Y. June 15, 2010)

(dismissing complaint for failing to plead alleged trade dress was non-functional), *quoting*

*National Lighting Co., Inc. v. Bridge Metal Indus., LLC,* 601 F.Supp.2d 556, 560-61 (S.D.N.Y.

2009) (*quoting Sherwood 48 Assoc. v. Sony Corp. of Amer.*, 76 Fed. Appx. 389, 391 (2d Cir.

2003)); *see also Landscape Forms, Inc. v. Columbia Cascade Co.,* 113 F.3d 373, 381 (2d Cir.

1997) (reversing preliminary injunction due to plaintiff's failure to articulate protectable trade

dress).

In *Landscape Forms*, the Second Circuit reversed a preliminary injunction based on trade dress infringement of site furniture, items used as furniture in public areas like playgrounds and airports. The Court found that the plaintiff could not adequately articulate protectable trade dress, providing only a description of the products and some vague generalities. 113 F.3d at 381. The Court stated that merely "focus[ing] on the overall look of a product does not permit a plaintiff to dispense with an articulation of the specific elements which comprise its distinct trade dress." *Id.*

Similarly, in *Sherwood*, the Second Circuit, in a decision reported in the Federal Appendix, affirmed a dismissal of a trade dress claim where the plaintiff had failed to sufficiently "identify the specific elements that comprise each building's identifiable trade dress." 76 Fed. Appx. at 391. In *Sherwood*, the plaintiff claimed trade dress protection on the "overall look" of its Times Square buildings. The Court held that the "the vague and overbroad articulation of the trade dress elements in the Amended Complaint, cannot be cured … ." 76 Fed. Appx. at 391.

VZI's trade dress claim must similarly fail because VZI has not articulated in any meaningful way the scope and character of its trade dress. While it has pleaded each of the elements of the handbags at issue in numbing detail, pointing to elements which support functionality, rather than non-functionality,[4] (*see* Compl. ¶¶ 11, 15) it has failed to identify the protectable elements that create the supposedly distinctive trade dress.[5] That failure is sufficient to doom its pleading.

---

[4] *See Metrokane, Inc. v. The Wine Enthusiast*, 160 F.Supp.2d 633, 637 (S.D.N.Y. 2001) *quoting TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 121 S.Ct. 1255, 1259, 149 L.Ed.2d 164 (2001) ("trade dress protection may not be claimed for product features that are functional").

[5] It is doubtful that Plaintiff can re-plead to articulate protectable trade dress.

**B.     VZI's State Law Dilution and Unfair
         Competition Claims Should Fall With the
         <u>Dismissal of the Trade Dress Claims</u>**

The absence of a properly pleaded trade dress claim undercuts VZI's similarly premised

New York State law claims for injury to business reputation/dilution under General Business

Law § 360-l and for common law unfair competition, warranting their dismissal. *See Maharishi*

*Hardy Blechman Ltd. v. Abercrombie & Fitch Co.*, 292 F.Supp.2d 535, 552 (S.D.N.Y. 2003)

(dismissing both state law unfair competition and dilution claims because the court determined

"that there was no protectable trade dress to be diluted in the first place") *citing Elements/Jill*

*Schwartz, Inc. v. Gloriosa Co.*, 2002 WL 1492197, at * 7 (S.D.N.Y. July 15, 2002) (holding that

plaintiff cannot make out a claim for unfair competition where it does not have a trade dress that

qualifies for protection).

Here VZI has offered allegations that AM Retail's sales of specific handbags have

resulted in blurring and other unfair competition associated with its "Trade Dress Designs."

(Compl. ¶¶ 60-62, 64-66). But all of the allegations rest on the assumption that VZI's handbags

have a trade dress that is subject to protection. Because they are not protectable as alleged, these

state law claims have no basis and should also be dismissed.

**III.    <u>VZI's Copyright Claim Should be Dismissed</u>**

VZI's Second Cause of Action for copyright infringement fails because VZI has not

alleged that it currently has either a valid copyright or a refusal by the Copyright Office to

register a copyright, a precondition to suit under 17 U.S.C. § 411(a). Alternatively, the Dome

Tote, as pleaded, is not copyrightable as a matter of law. For these reasons, the copyright cause

of action should be dismissed.

**A.      VZI Has Not Met The Registration
          or Refusal Precondition to a Copyright Suit**

Before a plaintiff can bring a copyright action in the federal courts, Congress requires

that the plaintiff either obtain a copyright registration or effectively fulfill the regulatory scheme

and be refused such registration by the Copyright Office.  17 U.S.C. § 411(a); *Reed Elsevier, Inc.

v. Muchnick,* ____ U.S. ___, 130 S.Ct. 1237, 1246, 176 L.Ed. 2d 17 (2010) (holding that

registration or refusal is a precondition for a plaintiff's copyright suit); *Tuff-N-Rumble

Management, Inc. v. Sugarhill Music Publishing, Inc.*, 49 F.Supp.2d 673, 677 (S.D.N.Y. 1999).

Section 411(a) provides, in relevant part, as follows:

> [N]o action for infringement of the copyright in any United States
> work shall be instituted until registration of the copyright claim has
> been made in accordance with this title.  In any case, however,
> where the deposit, application, and fee required for registration
> have been delivered to the Copyright Office in proper form and
> registration has been refused, the applicant is entitled to institute an
> action for infringement if notice thereof, with a copy of the
> complaint, is served on the Register of Copyrights.

Courts addressing § 411(a) have held that absent either (1) a registration or (2) a refusal of a

registration application, a plaintiff may not institute a copyright infringement action.  *DO Denim,

LLC v. Fried Denim, Inc.*, 634 F.Supp.2d 403, 406 (S.D.N.Y. 2009) (mere filing of copyright

application does not fulfill the requirements of § 411(a) compelling dismissal); *DMBJ Prods.,

Inc. v. TMZ TV*, 2009 WL 2474190, at *2 (S.D.N.Y. Aug. 11, 2009) (holding that plaintiff's

argument that "merely applying for registration is sufficient to confer subject matter jurisdiction"

. . . "is entirely without support in the law"); *Greene v. Columbia Records/Sony Music

Entertainment, Inc.*,  2004 WL 3211771 (S.D.N.Y. Mar. 1, 2004); *Tuff-N-Rumble Management,

Inc.,* 49 F.Supp.2d at 677 (S.D.N.Y. 1999).[6]

---

[6] While many of these cases address the question as one of subject matter jurisdiction, the
Supreme Court has clarified that the dismissal is not based upon a lack of subject matter

While VZI alleges that it has applied for copyright protection with the United States Copyright Office (Compl. ¶ 32) and has provided a receipt of such application (*see* Ex. R), it has failed to allege that it has "received an actual certificate of registration or its denial from the Copyright Office." *Tuff-N-Rumble Management,* 49 F.Supp.2d at 677.  That failure is fatal to its copyright claim which should be dismissed.

### B.    VZI's Failure to Plead a Separable Structural Element for its Dome Tote is Fatal to its Copyright Claim

"The elements of a copyright infringement action are (1) ownership of a valid copyright and (2) copying by the alleged infringer." *Whimsicality, Inc. v. Rubie's Costume Co., Inc.,* 891 F.2d 452, 455 (2d Cir. 1989) *citing Eckes v. Card Prices* Update, 736 F.2d 859, 861 (2d Cir. 1984).  Questions of validity of a copyright and copying may be the proper subject for a motion to dismiss. *See, e.g., Telebrands Corp.,* __F.Supp. 2d ___, 2010 WL 2541218, at *8-10.

VZI asserts through its copyright application that the Dome Tote is worthy of copyright protection as a "sculpture/3D artwork." (Compl., Ex. R).  The Copyright Act establishes protection for "pictorial, graphic or sculptural works" provided that the work satisfies the Act's other requirements.  17 U.S.C. § 102; *Chosun Int'l, Inc. v. Chrisha Creations, Ltd.,* 413 F.3d 324, 327 (2d Cir. 2005).  But copyright protection does not extend to any "useful article" which is defined as "an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information."  17 U.S.C. § 101; *Chosun,* 413 F.3d at 327, *citing* 17 U.S.C. § 102, Notes of committee on the Judiciary House Report No. 94-1476 (stating that works of "artistic craftsmanship" are not protected by the Act "insofar as their utilitarian

---

jurisdiction, but rather based on the plaintiff's failure to meet a precondition to suit, such as the statutory numerosity requirement of Title VII actions. *Reed Elsevier, Inc,* 130 S.Ct. at 1247. One of the questions remaining is whether a court should *sua sponte* dismiss suits for failure to meet § 411(a)'s requirements. *Id.* at 1249. Because defendants raise this issue directly, that question is for another day.

aspects are concerned"). Handbags are "useful articles" not independently copyrightable because of their functional nature. *See, e.g.*, *Whimsicality, Inc.*, 891 F.2d at 455 (noting that "clothes, as useful articles, are not copyrightable"); *Carol of Barnhart, Inc. v. Economy Cover Corp.*, 773 F.2d 411 (2d Cir. 1985) (human torso mannequins are useful articles); *Kieslstein-Cord v. Accessories by Pearl, Inc.*, 632 F.2d 989, 993 (2d Cir. 1980) (belt buckle is a useful article).

In certain instances, where design elements of an item may be viewed separately from the item as a whole, the item as a whole may be afforded copyright protection. For example, a decorative ornate belt buckle, where the sculptural elements were separable from the utilitarian function of the belt buckle (i.e., holding up pants), has been found to be copyrightable. *Kieselstein-Cord*, 632 F.2d at 993. The Second Circuit set forth the test for conceptual separability in *Brandir Int'l, Inc. v. Cascade Pacific Lumber Co.*, 834 F.2d 1142, 1145 (2d Cir. 1987) as follows:

> ...if design elements reflect a merger of aesthetic and functional considerations, the artistic aspects of a work cannot be said to be conceptually separable from the utilitarian elements. Conversely, where design elements can be identified as reflecting the designer's artistic judgment exercised independently of functional influences, conceptual separability exists.

In *Brandir*, the Second Circuit affirmed the district court's denial of copyright protection to a bicycle rack design based on copyrighted sculptures because the design was influenced by utilitarian concerns. *Id.* at 1146-47.

The question at the pleading stage is whether, absent a copyright registration, a plaintiff's pleading sufficiently pleads a valid copyright for a utilitarian item, namely the Dome Tote handbag. Unlike a plaintiff with a registered copyright, VZI is not entitled to a *prima facie* presumption of validity and, therefore, must meet its pleading burden. *Durham Indus, Inc. v.*

*Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1980) (discussing effect of 17 U.S.C. § 410(c) and plaintiff's burden).

Here, plaintiff's pleading on the Dome Tote is limited to a description of the handbag, without identifying any distinctive or separable item that affords the bag copyright protection. *See* Compl. ¶ 11(e). Plaintiff then pleads that an application for a copyright for a "sculpture/3D artwork" has been applied for, but not that any copyright registration has been granted. *See* Compl. ¶ 32 and Ex. R. Again, nothing in the pleading, including the application, sets forth any element of the Dome Tote that even arguably can satisfy the conceptual separability test.

The situation here is in stark contrast to the handbag design in *Moyna LLC v. Victoria's Secret Direct New York, LLC*, 2003 WL 21983032 (S.D.N.Y. Aug. 19, 2003). In *Moyna*, the plaintiff had a copyright on a work entitled "Pinwheel Mirror and Embroidery Design" and applied that work on handbags. The court held that the use of the copyrighted design on the Moyna handbag was sufficient to demonstrate ownership of a valid copyright. *Id.* at *3.

Here, VZI has not offered in its pleading any allegation that the Dome Tote handbag is anything more than a utilitarian object, a handbag which in function is designed to carry objects. There is no pleading that a separately copyrightable design element has been applied. *See* Compl. ¶11(e) (for the plaintiff's description of the bag). For these reasons, VZI has failed to plead a valid copyright on the Dome Tote, and its copyright claim must be dismissed.

## IV.    VZI's Allegations of Unfettered Access to Confidential Information Undermines Any Claim for Misappropriation of Trade Secrets

VZI asserts no protections of any sort for its supposed trade secrets and yet asserts as its Fifth Claim for Relief what it terms "common law misappropriation of trade secrets." Under New York law, the elements of a claim for misappropriation of trade secrets are: (1) that plaintiff possessed a trade secret; and (2) that defendant used the trade secret in breach of an agreement, a

confidential relationship, or duty, or as a result of discovery by improper means. *See North Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 43-44 (2d Cir. 1999); *Hudson Hotels Corp.*, 995 F.2d at 1176. VZI's complaint fails to plead a trade secret to satisfy the first prong.

VZI alleges generally that AM Retail and VZI had a business relationship extending to the purchase and sale of handbags. (Compl. ¶ 36-37). According to the complaint, VZI and AM Retail "enjoyed an open and extremely lucrative business relationship." (Compl. ¶ 36). As part of that relationship, AM Retail received "unfettered access to non-public, confidential information about the way in which VZI conducted its business, including marketing and sales information about the Tignanello handbags." (Compl. ¶ 37). VZI further alleges that AM Retail "attended quarterly trade shows on VZI's premises called 'Market Week,' at which VZI previewed new collections as well as reviewed classic collections, including the Tignanello" handbags in question. *Id.* at ¶ 38. VZI does not allege that any of the supposedly "trade secret" information made available to AM Retail was protected in any manner, including by confidentiality agreement or any other form of protection.

Courts will dismiss trade secret misappropriation causes of action where, as here, the plaintiff has failed to allege sufficient facts upon which to support a claim to possession of trade secrets. *See, e.g., Bear, Stearns Funding, Inc. v. Interface Group Nevada, Inc.*, 361 F.Supp.2d 283 (S.D.N.Y. 2005); *Ivy Mar Co, Inc. v. C.R. Seasons, Ltd.*, 1998 WL 704112 (E.D.N.Y. Oct. 7, 1998).

Similarly, courts reject trade secret claims where there is no assertion of steps taken to protect the alleged secrets. *Frink America, Inc. v. Champion Road Machinery Ltd.*, 48 F.Supp.2d 198 (N.D.N.Y. 1999) (dismissing trade-secret claim where plaintiff readily shared information with defendant); *see also Julie Research Labs, Inc. v. Select Photographic Emg'g, Inc.*, 810

F.Supp. 513, 520 (S.D.N.Y. 1993) (dismissing complaint where "plaintiff cannot prevail because of the deficiency of its efforts to maintain secrecy"), *vacated* with respect to damages 998 F.2d 65 (2d Cir. 1993).

VZI's allegations totally fail to meet the standard for pleading a trade secret. Here, the best that can be gleaned is that VZI had information, including handbag design previews and marketing information, that it made available to AM Retail and others. However, nothing in VZI's pleadings suggests that VZI took any steps to protect its information, even if the information was entitled to trade secret protection. For example, VZI alleges no confidentiality agreement or even a relationship sufficient to create a duty of confidentiality.

Moreover, VZI has not even alleged the type of information that is protectable under New York law. New York follows the Restatement of Torts § 757, comment b, which states:

> A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.

New York cases have held that clothing designs, general marketing and sales information and concepts, and sales presentations (e.g., trade show previews) are not trade secrets. *See LinkCo v. Fujitsu, Ltd.,* 230 F.Supp.2d 492, 499-500 (S.D.N.Y. 2002) (marketing concepts are not considered trade-secrets); *Hudson Hotels Corp. v. Choice Hotels Int'l*, 995 F.2d 1173, 1177 (2d Cir. 1993) (micro hotel concept not a trade secret). With respect to handbag designs, once they are sold, any confidentiality dissipates upon disclosure to the public. *See id.* at 498 ("secrecy is necessarily lost when the design or product is placed on the market."); *see also Medtech Products Inc. v. Ranir, LLC*, 596 F.Supp.2d 778, 804 (S.D.N.Y. 2008) (noting that upon placement into the market, designs do not constitute trade-secrets); *Detsis v. Victoria's Secret Stores, Inc.*, 2006 WL 2819586, at *5 (S.D.N.Y. Sept. 29, 2006) ("Design concepts that are

readily discernible in finished products are not accorded trade secret protection"). Thus, VZI's handbag designs and marketing ideas become public at the time the products entered the market.

Because VZI cannot plead a trade secret to meet the first prong of the test for misappropriation of trade secrets and because VZI's pleading alleges "unfettered access" to AM Retail and others without any confidentiality requirement, the Fifth Cause of Action for Misappropriation of Trade Secrets should be dismissed with prejudice.

**V.   No Supplemental Jurisdiction Supports
       Hearing the State Law Claims After
       <u>Dismissal of the Federal Claims</u>**

For the reasons demonstrated above, VZI's claims for trade dress and copyright infringement under 15 U.S.C. § 1125(a) and 17 U.S.C. § 106 fail. Because jurisdiction for the three remaining state law claims is dependent on original jurisdiction under 28 U.S.C. § 1338(b) or supplemental jurisdiction under 28 U.S.C. § 1367, the loss of the federal claims requires the Court to dismiss VZI's claims under New York General Business Law §360-l, common law unfair competition and misappropriation of trade secrets (the "State Law Claims").

Section 1338 confers original jurisdiction in the district courts over unfair competition claims "when joined with a substantial and related claim under copyright . . . or trade-mark laws." 28 U.S.C. § 1338(b). "This jurisdictional base, however, is conditioned on a viable copyright or trademark claim arising under United States law." *The Bridgeman Art Library, Ltd. v. Corel Corp.*, 25 F.Supp.2d 421, 431 (S.D.N.Y. 1998) (dismissing unfair competition claim absent viable copyright claim). Once "all bases for federal jurisdiction have been eliminated from a case . . . the federal court should ordinarily dismiss the state claims." *Id.* at 431; *see also Davis v. United Artists, Inc.*, 547 F.Supp. 722, 728 (S.D.N.Y 1982) (dismissing pendant unfair competition claim upon dismissal of related federal copyright claim); *G&F Licensing Corp. v. Field & Stream Licenses Co., LLC*, 2010 WL 2900203, at *6 (S.D.N.Y. July 16, 2010) (declining

to exercise jurisdiction of remaining state law claims where federal claims were dismissed);

*Historical Truth Productions, Inc. v. Sony Pictures Entertainment, Inc.*, 1995 WL 693189, at

*13-14 (S.D.N.Y. Nov. 22, 1995) (dismissing state law unfair competition claims joined with

"substantial and related" federal copyright claims and noting that because the copyright claim

was dismissed, "[s]ection 1338 no longer confers jurisdiction over any of the remaining claims").

Similarly, a court should dismiss any related state law claims asserted pursuant to § 1367

when all other bases for federal jurisdiction have been removed.  *Baylis v. Marriott Corp.*, 843

F.2d 658, 665 (2d Cir. 1988) ("When all bases for federal jurisdiction have been eliminated from

a case so that only pendent state claims remain, the federal court should ordinarily dismiss the

state claims," *citing United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)); *DO*

*Denim, LLC*, 634 F.Supp.2d at 409-410 (declining to exercise supplemental jurisdiction over

plaintiff's dilution claim under New York General Business Law Section 360-l where federal

claims were dismissed); *Bridgeman Art Library, Ltd*, at 431 (the federal claim is dismissed early

in the litigation process, "the presumption to decline jurisdiction is strong"); *Historical Truth*

*Productions, Inc.*, at *13, citing 28 U.S.C. § 1367(c)(3) ("If the jurisdictionally sufficient claim

is dismissed at any point during the litigation, the court may decline to retain jurisdiction over

the remaining state law claims.").

Because both federal claims asserted by VZI should be dismissed, the State Law Claims

must also be dismissed.

## CONCLUSION

For the foregoing reasons, defendants AM Retail and G-III respectfully request that the Court dismiss the Second Claim for Relief for Copyright Infringement and the Fifth Claim for Relief for Misappropriation of Trade Secrets with prejudice and all remaining claims for relief without prejudice.

DATED:     September 20, 2010
New York, New York

BUCHANAN INGERSOLL & ROONEY PC

By:   /s/ Philip L. Hirschhorn
     Barry I. Slotnick (BI1398)
     Philip L. Hirschhorn (PH3861)
     Lauren A. Isaacoff (LI2582)
     The New York Times Building
     620 Eighth Avenue, 23rd Floor
     New York, New York  10018-1669
     Tel:  (212) 440-4400
     Fax:  (212) 440-4401

     *Attorneys for Defendants*
     AM Retail Group, Inc. and
     G-III Apparel Group, Ltd

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of September 2010, a true and correct copy of the

NOTICE OF MOTION and MEMORANDUM IN SUPPORT OF DEFENDANTS AM RETAIL

AND G-III APPAREL'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED

COMPLAINT was electronically filed through the Court's ECF filing system and that a true and

correct copy of the same has been contemporaneously served via electronic mail to the following

parties and counsel:

> Lora A. Moffatt - *via email* at lmoffatt@salans.com
> Claudia Cantarella - *via email* at ccantarella@salans.com
> Alison G. Carlson - *via email* at anaidech@salans.com
> SALANS LLP
> 620 Fifth Avenue
> New York, New York  10020
>
> *Attorneys for Plaintiff*
>  VZI Investment Corp.

                              _____/s/ Philip L. Hirschhorn_____